# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHERYL A. BERG, Individually, and as
Personal Representative of the ESTATE
OF THOMAS J. BERG, deceased, and as
Special Administrator of the ESTATE OF
CHELSEY BERG, deceased,

                      Plaintiffs,          Case No. 05-C-959

      v.

ROBINSON HELICOPTER COMPANY
and ABC INSURANCE COMPANY,

                      Defendants.

## OPINION AND ORDER

The Plaintiffs filed this action against Defendants Robinson Helicopter Company and its insurer claiming that Robinson Helicopter is strictly liable for the wrongful death of Thomas and Chelsey Berg. The court has diversity jurisdiction over the subject matter of this case. See 28 U.S.C. § 1332. Shortly after the case was filed, the Defendants moved to stay this action pursuant to the Colorado River doctrine because a related action is pending in state court. See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

In Colorado River, the United States Supreme Court explained that a federal court may, in extraordinary circumstances, stay or dismiss a suit when there is a concurrent state court proceeding and the stay or dismissal would promote "wise judicial administration." Id. at 818. Colorado River requires the district court first to

determine whether the state and federal proceedings are parallel and then to decide whether there are "exceptional circumstances" that warrant a refusal of the district court to exercise its jurisdiction. Doctor's Associates, Inc. v. Duree, 375 F.3d 618, 622 (7th Cir. 2004). The Supreme Court has cautioned that abstention is appropriate only in exceptional circumstances and has also emphasized that federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. See AXA Corporate Solutions v. Underwriters Reinsurance Corporation, 347 F.3d 272, 278 (7th Cir.2003).

The lawsuits need not be identical to be considered parallel. "Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." AAR International, Inc. v. Ninelias Enterprises, S.A., 250 F.3d 510, 518 (7th Cir.), cert. denied sub nom. Vacamces Lleliades, S.A. v. AAR International, Inc., 574 U.S. 995 (2001). "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." Id. (internal quotations omitted).

This action arose out of a helicopter crash which occurred on June 25, 2003. Thomas Berg, Michael Siegler and Chelsey Berg were killed. On July 16, 2004, the Estate of Michael Siegler commenced a wrongful death lawsuit in the Circuit Court of Waukesha County. The Estate of Thomas Berg is a Defendant in that case.

On June 23, 2005, Cheryl Berg, the Estate of Thomas Berg, and the Estate of Chelsey Berg filed an action in the Circuit Court of Kenosha County alleging product liability claims against Robinson Helicopter. That action was removed to this court. On June 24, 2005, the Estate of Michael Siegler amended the Complaint in the

Waukesha County action to allege product liability claims against Robinson Helicopter. The Bergs have not asserted a claim against Robinson Helicopter in the Waukesha County action. Therefore, the actions do not appear to be parallel because resolution of the Waukesha action would not resolve all claims.

Even if they are parallel for purposes of the Colorado River doctrine, the court must decide whether the circumstances are exceptional enough to support a stay. The Seventh Circuit has listed ten factors for a court to consider:

1. whether the state has assumed jurisdiction over property;

2. the inconvenience of the federal forum;

3. the desirability of avoiding piecemeal litigation;

4. the order in which jurisdiction was obtained by the concurrent forums;

5. the source of governing law, state or federal;

6. the adequacy of state-court action to protect the federal plaintiff's rights;

7. the relative progress of state and federal proceedings;

8. the presence or absence of concurrent jurisdiction;

9. the availability of removal;

10. the vexatious or contrived nature of the federal claim.

See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 700, 701 (7th Cir. 1992).

In support of their request for a stay, the Defendants point out that state law governs the claims and that the remainder of the case is nonremovable. They also maintain that staying this case would avoid piecemeal litigation. Although the movants

3

say that the Waukesha action was filed first, documents in the record show that the claims against Robinson Helicopter were not raised until after the instant case was filed and the Berg Plaintiffs in this case have never asserted claims against Robinson Helicopter in the Waukesha lawsuit. Under these circumstances, the court cannot find that this is an exceptional case warranting a stay under the Colorado River doctrine.

For the reasons explained above, the court ORDERS that "Defendant Robinson Helicopter Company's Motion to Stay Action" (filed October 11, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 21st day of February, 2006.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge